1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD REGENOLD,

          Plaintiff,

    v.

RELX INC.,

          Defendant.

Case No.  22-cv-04419-RS

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS, WITHOUT PREJUDICE**

      Plaintiff Todd Regenold was employed by defendant RELX, Inc., through its subsidiary Lex Machina, as VP of Sales and Customer Success for over five years. In March of 2022, Regenold was advised his position was to be eliminated, effective one month later. Regenold was provided a severance notification letter stating he would receive 26 weeks of severance ($167,683.50), to be paid in bi-weekly installments through September of 2022, and six months of paid membership in an executive outplacement service.[1]

      Shortly before his final day, however, Regenold was informed he was under investigation

---

[1] RELX requests judicial notice of the letter and provides a copy. Regenold does not dispute the authenticity of the copy or otherwise object to its consideration in connection with the pending motions. The letter states the severance benefits were being offered pursuant to the RELX US Severance Plan (the "Plan"). The letter cautioned: "Benefits under the Plan are provided in accordance with the terms of the Plan. If anything contained in this letter conflicts with the terms of the Plan, the terms of the Plan will govern." RELX also provides a copy of the Plan, to which Regenold similarly does not object.

1   for alleged misconduct. He complied with RELX's requests for an interview and cooperated with

2   the investigation. Shortly thereafter, RELX informed Regenold the investigation had concluded

3   and that he would not be receiving the previously promised severance package because he was not

4   an "employee in good standing."

5       Regenold filed this action in San Mateo Superior court advancing breach of contract and

6   related claims under state law. RELX removed the action to this court, alleging the state law

7   claims are preempted by the Employee Retirement Income Security Act of 1974, as amended, 29

8   U.S.C. §§ 1001, *et seq*. ("ERISA"), because the severance benefits were offered—and then

9   withheld—pursuant to the terms of the Plan.

10      RELX now moves to dismiss the complaint on grounds that the claims, presently pleaded

11  under state law, are completely preempted by ERISA, and that if the complaint is instead

12  construed as a claim under ERISA for benefits under the Plan, it fails because Regenold has not

13  exhausted his administrative remedies. Contending that the complaint does not implicate ERISA,

14  Regenold opposes the motion to dismiss and moves for remand to state court. Pursuant to Civil

15  Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the

16  previously vacated hearing will not be reset.

17      Although the complaint made no mention of the Plan, Regenold does not dispute that the

18  severance benefits offer was made pursuant to the Plan. Likewise, Regenold effectively concedes

19  that *if* the Plan is governed by ERISA, then his motion to remand fails and RELX's motion to

20  dismiss is properly granted. Regenold insists, though, the benefits promised him did not require an

21  "ongoing administrative scheme" to administer, and that therefore the Plan is not subject to

22  ERISA.

23      Regenold correctly states the law: "a relatively simple test has emerged to determine

24  whether a plan is covered by ERISA: does the benefit package implicate an ongoing

25  administrative scheme?" *Delaye v. Agripac, Inc*., 39 F.3d 235, 237 (9th Cir. 1994). To argue that

26  administering the benefit package described in his termination letter did not require sufficient

27  ongoing and particularized discretionary analysis to invoke ERISA, however, Regenold ignores

28

United States District Court
Northern District of California

the context of the Plan itself.

On its face, the Plan is "is intended to be an unfunded "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA and a severance pay plan under the DOL Regulations Section 2510.3-2(b)." Plan § 7. Claims are determined by a Committee "consisting of at least three persons appointed by and serving at the pleasure of the Board of Directors of the Company." Plan § 3.) The Plan affords the Committee complete discretion over claims decisions. *Id.* Section 5 of the Plan sets out a detailed claims procedure for persons who believe they have been wrongly denied a benefit to file a written claim to challenge that denial. If a claim is denied, the claims procedure requires the claimant to be notified of the "right to bring a civil action under Section 502(a) of [ERISA]." *Id.*

The Plan has been in effect since 2014, and applies to hundreds of employees of RELX and its affiliates. While Regenold's own termination was a one-time event involving only one person, the Plan itself is plainly an ongoing administrative scheme by which employee severance benefits are provided in certain circumstances. The question is not close—ERISA governs.

Accordingly, the motion to remand must be denied, and the motion to dismiss granted. As RELX argues, and Regenold does not dispute, leave to amend is not appropriate because ERISA preemption cannot be avoided by alleging additional facts, and Regenold cannot truthfully plead exhaustion of his administrative remedies at this juncture. The dismissal, however, is without prejudice to any right Regenold may have to bring a new action upon exhausting administrative remedies.

**IT IS SO ORDERED**.

Dated: November 21, 2022

RICHARD SEEBORG
Chief United States District Judge